UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNA MAY TILSON,

    *Plaintiff,*

v.                                            CASE NO. 1:15-cv-00103-MP-GRJ

CAROLYN W COLVIN,

    *Defendant.*

_____/

**O R D E R**

        This matter is before the Court on the Magistrate Judge's Report and Recommendation. ECF No. 14. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Defendant has filed objections at ECF No. 15. The Court has made a de novo review based on those objections. Having considered the Report and Recommendation and the timely filed objections, I have determined that the Report and Recommendation should be adopted.

        According to the Report and Recommendation, (1) the Administrative Law Judge (ALJ) improperly discounted Dr. Bailey's opinion that Plaintiff could not work because the ALJ focused on only one of Plaintiff's visits and failed to consider all of Dr. Bailey's treatment records from Plaintiff's other

visits; and (2) the ALJ erred by failing to recognize that Dr. Bailey's opinion was corroborated by Dr. Greenberg's consultative examination. ECF No. 14 at 20-21. In the objection to the Report and Recommendation, ECF No. 15, Defendant raises two main arguments. First, Defendant argues that the ALJ did not err in discounting Dr. Bailey's opinion because the ALJ thoroughly discussed the only treatment in the record Plaintiff received from Dr. Bailey during Plaintiff's eligibility period—the time period spanning from Plaintiff's alleged onset date of July 1, 2010 through her date last insured of December 31, 2012. ECF No. 15 at 2. Second, Defendant contends that the ALJ correctly found that Dr. Greenberg's report was not consistent with Dr. Bailey's opinion. ECF No. 15 at 4.

The Court has considered these arguments and acknowledges that there must be enough evidence during the eligibility period to support a retrospective opinion. However, the Court notes that the ALJ considered the medical evidence in a vacuum. Despite treating Plaintiff only once during the eligibility period, Dr. Bailey had a history of treating Plaintiff. ECF No. 14 at 8-14. Given this history, the treatment Plaintiff received during the eligibility period must be placed in context. *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (ruling that a district court must examine the record as a whole to determine the reasonableness of the ALJ's factual findings). In other words, medical records need to be read in continuum. Regarding Dr.

Greenberg's report, Dr. Greenberg's examination occurred during the eligibility period. ECF No. 10-2 at 29. Despite describing Dr. Greenberg's examination notes, the ALJ failed to explain why Dr. Greenberg's examination did not corroborate Dr. Bailey's opinion. ECF No. 10-2 at 29.

This Court is not suggesting that the ALJ has to accept or reject Dr. Bailey's or Dr. Greenberg's analysis. However, on remand, the ALJ does have to explain why it discounted Dr. Bailey's opinion and why Dr. Greenberg's examination did not corroborate Dr. Bailey's opinion. *See Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (noting that "the ALJ should state the weight he accords to each item of impairment evidence and the *reasons* for his decision to accept or reject that evidence") (emphasis added).

Accordingly, it is hereby **ORDERED:**

1. The Magistrate Judge's Report and Recommendation, ECF No. 14, is adopted and incorporated by reference in this order.

2. This matter is **REMANDED** to the ALJ for further proceedings.

**SO ORDERED on September 9, 2016.**

<u>s/Mark E. Walker</u>
**United States District Judge**